Theriault v. NH Dept. of Safety     CV-96-544-M    03/30/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Dennis Theriault,
    Plaintiff

v.                                          Civil No. 96-544-M

Richard M. Flynn, Commissioner,
New Hampshire Department of Safety,
    Defendant


O R D E R


On January 21, 1998, the court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment.  Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff filed a timely motion to vacate that order. Defendant objects.


The facts underlying this case are set forth fully in the court's prior order and need not be restated.  In support of his motion, plaintiff asserts that the court failed to view the record in the light most favorable to him, as was required when the court ruled upon defendant's motion for summary judgment. Specifically, plaintiff says that the court improperly inferred that:

    (1)  the plaintiff, on the day of application for license renewal, displayed a lack of control of his hands sufficiently gross to cast some doubt on his ability to use the hand controls of his vehicle;

    (2)  the defendant's licensing officer was aware of this display; [and]

(3)  the officer's awareness caused him to require the plaintiff's road test.

Plaintiff's memorandum (document no. 23) at 2.  The court disagrees.

First, with regard to the nature and physical manifestations of his disability on the day in question, plaintiff concedes that his "ability to write by hand is extremely limited" and, therefore, he "had his father complete the information on the [license-renewal] card."  Amended Complaint at para. 13. Plaintiff's conceded inability to exercise sufficient fine motor coordination to successfully complete the renewal application could fairly warrant some doubt about his ability to safely operate a specially-equipped, hand-controlled motor vehicle.

Plaintiff's second contention - that the examiner might have failed to appreciate or notice the physical manifestations of his disability - is equally unavailing.  Among other things, plaintiff himself acknowledges that he appeared in person before a DMV officer, and that his disability is "obvious."  Amended complaint at para. 27.  See also Affidavit of John B. Moeschler, M.D. (describing the manifestations of plaintiff's disability, which include "variability in his muscle tone," "spasticity of all extremities with evidence of athetosis," and an "alteration of fluid control of movements together with abnormally elevated tone."  Emphasis added.).

Finally, plaintiff says that the record, when properly viewed in his favor, does not support the conclusion that the examiner based his decision to require a road test on plaintiff's unsteady hand movements, spasticity, or any other physical manifestation of his disability that might reasonably call into question his ability to safely operate his specially equipped hand-controlled motor vehicle. To be sure, defendant could have better supported his position in that regard (for example, an affidavit from the examiner addressing that specific point would have been informative). Nevertheless, the record presented to the court, including the examiner's deposition testimony, adequately supports the conclusion that the officer based the decision to require a road test on the physical manifestations of plaintiff's disability and legitimate concerns for public safety, rather than some general discriminatory animus against the disabled or against this plaintiff in particular. See Deposition of Larry Ashford at 13 ("Why I required a road test? The safety for the public. Any time that I feel that there's a possible need for anybody to know – question of safely being able to operate a vehicle on the public ways, I would require a road test.").[1]

_____

[1]    Plaintiff suggests that it is possible that Mr. Ashford was not the examiner who actually required plaintiff to perform a road test. In support of that proposition, however, he has failed to provide anything other than reference to Mr. Ashford's deposition. Mr. Ashford testified that he remembered giving a road test to a person in a wheelchair ("We required him to take an eye test, he passed that. And the person that was with him at that time was really, really upset, hollering and screaming about the road test and saying discrimination against [sic] because

Importantly, plaintiff does not deny that his hands were unsteady on the day in question. Nor does he appear to claim that unsteady hand movements and a lack of fine motor skills, particularly in a person that operates a hand-controlled motor vehicle, fail to pose a potential threat to public safety. Instead, he merely asserts that there is insufficient evidence in the record to warrant the conclusion that: (1) the licensing officer <u>observed</u> his involuntary hand movements and lack of fine motor coordination; and (2) the officer based his decision to require a road test upon those factors, rather than an impermissible discriminatory animus. But, plaintiff was physically present, easily observed by the officer and suffered at the time from the condition described by his physician.

Notwithstanding plaintiff's claims to the contrary, however, defendant asserts that the license examiner asked plaintiff to perform a road test because plaintiff's physical condition reasonably lead him to question whether plaintiff could safely operate a motor vehicle. That assertion is supported by Mr. Ashford's deposition testimony. At a minimum, therefore,

---

he's in the -- a wheelchair. That is basically the part -- I remember that part." Ashford Deposition at 9). And, while he acknowledged that, at the time of his deposition, he did not recognize plaintiff, he noted that it had been a long time since plaintiff had been to the Dover office for his license renewal. Ashford Deposition at 45-6. Neither plaintiff nor his father (who accompanied plaintiff to the licensing office on the day in question) has submitted an affidavit or other competent evidence which suggests that someone other than Mr. Ashford performed the road test.

4

defendant has articulated a legitimate, non-discriminatory basis for his decision to require a road test. See Theriault v. Commissioner, No. 96-544-M, slip op. at 13 n.3 (D.N.H. January 21, 198). In response, plaintiff has produced no evidence which would reasonably support a finding of discriminatory animus on defendant's part. See, e.g., DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (If the party moving for summary judgment carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor.); Woods v. Friction Materials, Inc., 30 F.3d 255, 260 (1st Cir. 1994) (Under the McDonnell Douglas paradigm, the plaintiff must first establish a prima facie case of discrimination. If he is successful, the court will presume that the defendant's challenged conduct was intentionally discriminatory. The burden of production then shifts to the defendant to show a nondiscriminatory reason for the challenged conduct. If the defendant is successful, the presumption of discrimination vanishes completely. Plaintiff must then "produce sufficient evidence, direct or indirect, to show that the reasons advanced by the [defendant] constitute a mere pretext for unlawful discrimination. To meet this burden, the claimant must prove both that the [defendant's] articulated reason is false, and that discrimination was the actual reason for its [] action.") (citations omitted) (emphasis in original).

5

Here, plaintiff has introduced no evidence which might reasonably support the conclusion that defendant's justification for requiring a road test is a pretext, nor has he introduced evidence which might reasonably support a finding that defendant's true motivation was discriminatory. At best, plaintiff simply speculates that defendant was motivated by a discriminatory animus. In the absence of something more compelling from plaintiff, the court properly concluded that defendant was entitled to summary judgment.

## Conclusion

For the foregoing reasons, the court concludes that plaintiff has failed to demonstrate that he is entitled to the relief he seeks. Accordingly, his Rule 59(e) motion to alter judgment (document no. 23) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 30, 1998

cc:  Ronald K. Lospennato, Esq.
     Stephen J. Judge, Esq.

6